Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Lindsay Kyser, SBN 319343
lindsay@milordlaw.com
**MILORD & ASSOCIATES, P.C.**
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Cameron S. Reuber *pro hac vice*
Reuber@leasonellis.com
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Tel: (914) 288-0022
Fax: (914) 288-0023

Attorneys for Plaintiff
Tianhai Lace USA, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIANHAI LACE USA INC,<br><br>Plaintiff,<br><br>v.<br><br>FOREVER 21, INC., a Delaware Corporation; TOPSON DOWNS OF CALIFORNIA, INC., a California Corporation; FARRAH 17, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:17−cv−07512−AB(PJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO CHIEF MAGISTRATE JUDGE, PATRICK J. WALSH]** |

{04358/609462-000/01919841.1}

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

i. <u>Factual Background</u>

Plaintiff is in the business of manufacturing, marketing, and selling lace textiles. Defendants manufacture, market, and sell clothing apparel and related accessories. Because of the parties' status as competitors or potential competitors, business information such as supplier lists, customer lists, cost-of-goods sold, pricing, manufacturing agreements, and other, similar information are confidential and must be protected from disclosure, and with highly sensitive information, safeguards are necessary to limit the disclosure of such information to opposing parties and/or other competitors in the market so as to avoid competitive harm.

The threshold issues in the complaint center on copyright infringement allegations. Resolution of these issues and damages analysis may require evidence of, but not limited to, customer lists, cost of manufactures, supplier lists, sales data, and channels of trade.

ii. <u>The Proposed Protective Order Focuses on the Protection of Commercially</u>

Sensitive Business Information

Federal Rule Civil Procedure Rule 26(c)(1) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order. The party seeking such an order must demonstrate a particular and specific need for the protective order. *Gary v. Rodewald*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, e.g., confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. *Hayden v. Siemens Medical Systems, Inc.,* 106 F.R.D. 551, 556 (S.D.N.Y. 1985). To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, e.g. by designating certain classes or types of information. *Id*.

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect the documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors." *Bayer AG and Miles Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

As competitors or potential competitors, the parties' proposed protective order was drafted to protect the confidentiality and disclosure of each party's confidential business information and to provide extra precautions on the disclosure of highly sensitive business information, as defined below, and as balanced against the need and use for such information to prosecute and defend this action. Confidential information, whether designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, may be open to challenge by any party, any third party, or the public.

2. DEFINITIONS

    2.1    Action: this pending federal law suit, Case number 2:17-cv-07512.

    2.2    Challenging Party:  a Party or Non-Party that challenges the

{04358/609462-000/01919841.1}

designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement shall be referred to as "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as follows:

(a) CONFIDENTIAL designation. A party or non-party may designate material CONFIDENTIAL only if it deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public.

(b) HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. A party or non-party may only designate material HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if it deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 and that the material contains highly propriety technical or trade secret or business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

-4-

{04358/609462-000/01919841.1}

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

 2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

 2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

 2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

 2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

 2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

 2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

 2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

 2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

 2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

{04358/609462-000/01919841.1}

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.1 CONFIDENTIAL INFORMATION which is subject to this Protective Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose

(e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL

-7-

{04358/609462-000/01919841.1}

legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) any and all documents, information, or materials provided by a party for the purpose of settlement discussion prior to the entry of this Order by the Court shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY unless otherwise designated or agreed to, in writing, by the parties. Notwithstanding any other provisions of this Order, no such documents, information, or materials may be disclosed, shared, or otherwise used during any part of this case unless introduced again by the same providing party under this Order.

(c) <u>Interrogatory Answers</u>. If a party answering an interrogatory believes in good faith under the criteria set forth in Paragraph 2.3 above that its answer contains CONFIDENTIAL INFORMATION, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in the same manner as a produced document under subparagraph 5.2.(a). The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

(d) <u>Deposition Transcripts</u>. Portions of testimony taken at a deposition or conference and any corresponding exhibits may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and label such portions appropriately. For convenience, if a transcript contains repeated references to CONFIDENTIAL INFORMATION which cannot

{04358/609462-000/01919841.1}

conveniently be segregated from non-CONFIDENTIAL INFORMATION, the entire transcript may be marked by the reporter as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

A party may also designate information disclosed at a deposition as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by notifying all parties in writing, within 30 days of receipt of the transcript, of the specific pages and lines designated as such. Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control. For 30 days after receipt of the transcript, depositions shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed.

(e) <u>Multi-page Documents</u>. A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers, and/or responses to document requests, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 2.3 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 2.3 on each page of the document containing CONFIDENTIAL INFORMATION.

(f) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate

{04358/609462-000/01919841.1}

qualified information or items does not, standing alone, waive the right to secure protection under this Protective Order for such material, provided that the designating party promptly notifies the Receiving Party, in writing, of its failure to properly designate the qualified information and corrects the designation after discovery of such inadvertent failure. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

{04358/609462-000/01919841.1}

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the parties and officers, directors, and employees (including House Counsel) of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this Action and for no other purpose;

(b) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) consultants or experts and their staff who are employed for the purposes this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author, addressees and recipients of any document(s) containing the information who would have had access to such information by virtue of his/her employment, or a custodian or other person who otherwise possessed or knew the information; and for whom disclosure is reasonably necessary,

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

{04358/609462-000/01919841.1}

deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

   (h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

   (i) outside counsel for the parties to this litigation and/or the insurance carriers for the parties to the litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this Action, and/or claims representatives and/or claims adjustors, upon the condition that such CONFIDENTIAL INFORMATION not be used in policy issuance determinations and be immediately destroyed by the insurance carriers upon completion of the instant litigation;

   (j) third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this Action or for one having any interest adverse to either party to this Action; and

   (k) any other person as to whom the parties previously agree in writing.

 7.3 <u>Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material</u>.  Material or documents designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be shown to the persons listed in Sections 7.2(b) through (f) and (h) through (k).

 7.4 <u>Use of CONFIDENTIAL INFORMATION</u>.  Individuals who are authorized to review CONFIDENTIAL INFORMATION pursuant to this Protective

{04358/609462-000/01919841.1}

Order shall hold the CONFIDENTIAL INFORMATION and its contents in confidence and shall not divulge it, either verbally or in writing, except as expressly permitted by this Protective Order, unless authorized to do so by a further order of this Court or as specifically required by law.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court

9. <u>A. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced

{04358/609462-000/01919841.1}

by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party, if requested.

  (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

  In the event of disclosure of CONFIDENTIAL INFORMATION other than as authorized in this Protective Order, counsel for the party responsible for the disclosure shall (a) notify in writing all parties of the unauthorized disclosures, (b) make every

-14-

{04358/609462-000/01919841.1}

effort to prevent further disclosure, including using its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Upon written stipulation or motion, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 This Protective Order shall be without prejudice to the right of any party:

-15-

(a) to request re-designation of material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or neither;

(b) upon written stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether a document or information is CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material, or whether its use should be restricted;

(c) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any document or information, including restrictions differing from those specified herein. Any challenge to a confidentiality designation shall be initiated pursuant to Local Rule 37 and the burden of persuasion in any such challenge shall be on the party who designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

The Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

12.4 Filing Protected Material. Any CONFIDENTIAL INFORMATION (or documents containing CONFIDENTIAL INFORMATION) to be filed with the Court shall be filed under seal pursuant to the procedures set forth in Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. The parties agree that exhibits provided to any jury impaneled in this Action shall be provided without the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY stamp.

12.5 Nothing herein shall impose any restriction on the use or disclosure by a party of material:

(a) obtained lawfully by a party hereto other than through discovery in this Action, from a person who, to the best of such party's knowledge, was not at the time

-16-

such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; and

(b) that is public knowledge or became public knowledge after disclosure under this Protective Order (other than through an act or omission or a person receiving material under this Protective Order).

12.6 <u>Custody</u>. All Receiving Parties of CONFIDENTIAL material and information under this Protective Order shall maintain such material and information secured and shall exercise the same standard of care with respect to storage, custody, use and dissemination of the material as they exercise for their own proprietary information, but in no event shall the standard be less than that of a reasonable person.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, each Receiving Party must assemble and return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//
//
//

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 3, 2018  MILORD & ASSOCIATES, P.C.

By: /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff,
Tianhai Lace USA Inc.

DATED: May 3, 2018  Ekwan E. Rhow
Timothy B. Yoo
Gabriela C. Rivera
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: Gabriela C. Rivera
Gabriela C. Rivera
Attorneys for Defendant Forever 21, Inc.

DATED: May 1, 2018  GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon
ERICA J. VAN LOON
BRITTANY ELIAS
*Attorneys for Defendant*
*Topson Downs of California, Inc.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: May 3, 2018

*[signature: Patrick J. Walsh]*

Honorable Patrick J. Walsh
United States Magistrate Judge

-18-

MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878

{04358/609462-000/01919841.1}

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], of _____, [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United Stated District Court for the Central District of California on [date] in the case of *Tianhai Lace USA Inc. v. Forever 21, Inc., et al.*, Case No. 2:17−cv−07512−AB(PJWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict adherence with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

{04358/609462-000/01919841.1}

## Attestation Pursuant to L.R. 5-4.3.4(a)(2)(i)

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 3, 2018	/s/ Milord A. Keshishian
　　　　　　　　　　　　　　　　　　Milord A. Keshishian
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　Tianhai Lace USA Inc.

{04358/609462-000/01919841.1}